UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY HUNTER,

                Plaintiff,                         Case Number 05-10213-BC
                                                        Honorable David M. Lawson
v.                                                           Magistrate Judge Charles E. Binder

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____/

**OPINION AND ORDER ADOPTING IN PART AND REJECTING
IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND
REMANDING MATTER TO THE COMMISSION FOR FURTHER PROCEEDINGS**

      The plaintiff filed the present action on August 15, 2005 seeking review of the Commissioner's decision denying the plaintiff's claim for a period of disability and disability insurance benefits under Title II of the Social Security Act.  The case was referred to United States Magistrate Judge Charles E. Binder pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3).  Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner, requesting the case be remanded for an award of benefits or in the alternative for further proceedings.  The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner.  Magistrate Judge Binder filed a report on February 24, 2006 recommending that the plaintiff's motion for summary judgment be granted, the defendant's motion for summary judgment be denied, the findings of the Commissioner be reversed, and the matter be remanded to the Commission for an award of benefits.  The defendant filed timely objections to the recommendation, and the plaintiff filed a response to the objections.  This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the defendant's objections, the plaintiff's response thereto and has made a *de novo* review of the administrative record in light of the parties' submissions. In her objections, the defendant challenges the magistrate judge's conclusion that substantial evidence did not support the Administrative Law Judge's (ALJ) determination that the plaintiff was not disabled as a result of her physical and mental impairments and contends that the magistrate judge should not have relied on evidence first submitted to the Appeals Council, which declined to review the plaintiff's case. Specifically, the defendant insists that the magistrate judge improperly concluded that the plaintiff's condition has deteriorated so significantly as to make him unable to perform sedentary work. The defendant also argues that even if substantial evidence does not support the ALJ's finding of non-disability, the case should be remanded for further proceedings, not an award of benefits as recommended by the magistrate judge.

The plaintiff, who is now forty-four years old, applied for a period of disability and disability insurance benefits on September 17, 2002 when he was forty years old. He has a general educational development (GED) certificate, attended college for one year, and then worked at a variety of semi-skilled and unskilled jobs, including food delivery driver, taxicab driver, and intake processor. The plaintiff last worked on August 14, 2001, the date he alleges he became disabled as a result of diabetes and associated neuropathy. Doctors have diagnosed type I diabetes mellitus, hypertension, high cholesterol, peripheral neuropathy, diabetic retinopathy (both background and proliferative), and a nervous condition.

The plaintiff's application for disability insurance benefits was denied, and the plaintiff made a timely request for an administrative hearing. On October 28, 2004, he appeared before ALJ Lubomyr M. Jachnycky when he was forty-two years old. He was unrepresented by counsel at the

time. ALJ Jachnycky filed a decision on November 24, 2004 in which he found the plaintiff was not disabled. The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. § 404.1520. The ALJ concluded that the plaintiff had not engaged in substantial gainful activity since August 14, 2001 (step one); the plaintiff suffered from diabetes with neuropathy and retinopathy, hypertension, Odgood-Schlatter's disease, and depression, and these impairments were "severe" within the meaning of the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff could not perform his past relevant work as a delivery driver, taxi driver, or intake processor, which are semi-skilled or unskilled and variously required heavy to light exertion (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform a significant range of sedentary work, limited by avoiding jobs that required squatting, crouching, or climbing stairs, power gripping, manipulation of fine objects, and higher than a normal pace. A vocational expert testified that several jobs fit within these limitations, including inspector, sorter, telemarketer, parking lot attendant, and hand packager, and the ALJ found that those jobs existed in significant numbers in the national economy. Based on that finding and using Medical Vocational Rule 201.28 as a framework, the ALJ found that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on July 18, 2005.

The magistrate judge concluded that substantial evidence did not support the ALJ's determination of the plaintiff's residual functional capacity because several of the medical records

contradicted the ALJ's view of the plaintiff's exertional capacity. The magistrate judge also observed that the plaintiff's condition had been deteriorating steadily as a result of his diabetes, which was confirmed by the examinations of Dr. Najam Syed, Dr. R. Sil, Dr. Erwin Pearl, and the ophthalmologist, Dr. Kamal Gupta. These findings were confirmed by electrodiagnostic testing.

In passing, the magistrate judge mentioned that the deterioration was "further corroborated" by the medical records submitted to the Appeals Counsel. R&R at 12. The defendant takes issue with the magistrate judge's "reliance" on these records. The magistrate judge acknowledged the rule endorsed by the court of appeals in *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), and *Cotton v. Sullivan*, 2 F.3d 692 (6th Cir. 1993), that "where the Appeals Counsel considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the District Court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the ALJ's decision." *Cline*, 96 F.3d at 148; *Cotton*, 2 F.3d at 695-96. *See* R&R at 2 n.1. It does not appear to the Court, especially in light of that acknowledgment, that the magistrate judge "relied" on documents submitted only to the Appeals Counsel in reaching his conclusions. The defendant's objection on that ground will be overruled.

The defendant also submits that the ALJ's decision was supported by substantial evidence. The Court finds that the magistrate judge correctly found otherwise. The standard of review of an ALJ's decision is deferential, and the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). "'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Kirk v. Sec. of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). However, a substantiality of evidence evaluation

does not permit a selective reading of the record. "Substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotes and citations omitted). *See also Laskowski v. Apfel*, 100 F. Supp. 2d 474, 482 (E.D. Mich. 2000). If the Commissioner's determination is not supported by substantial evidence on the whole record, the administrative decision must be reversed and the case remanded for further action. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 242-43 (6th Cir. 2002).

The ALJ relied primarily on the plaintiff's own testimony and his reports of daily activities in concluding that the plaintiff retained the capacity to perform light work. However, a claimant's ability to do housework, drive, care for his son, read, and visit with friends is not indicative of his ability to engage in substantial gainful activity. *See Walston v. Gardner*, 381 F.2d 580, 586 (6th Cir. 1967); *Smith v. Califano*, 637 F.2d 968, 971-72 (3d Cir. 1981). "These tasks can be performed intermittently . . . and do not require the sustained effort necessary for any substantial, sustained and regular employment." *Fulwood v. Heckler*, 594 F. Supp. 540, 543 (D.D.C. 1984).

The ALJ also purportedly relied on the opinions of physicians whose names and reports do not appear in the administrative record. He makes specific reference to a Dr. N. Sadasivan and a Dr. Muhammad Wasinllah. Tr. at 22. The former does not appear to be involved in this case at all, and the latter's report is not found in the administrative record at the place cited by the ALJ. The defendant's counsel speculates that these mistakes are mere typographical errors and the ALJ meant to refer to someone else. However, the Court believes they cannot be dismissed so readily,

particularly when the ALJ purports to rely on reports from these individuals to contradict specific findings of disability from other physicians whose names actually do appear in the record.

The magistrate judge concluded that the ALJ's error in determining residual functional capacity infected the hypothetical questions posed to the vocational expert, and therefore the Commissioner failed in her burden of proof at step five of the sequential evaluation process. A hypothetical question posed to a vocational expert must include a "complete assessment of [the claimant's] physical and mental state and should include an accurate portrayal of her individual physical and mental impairments." *Howard*, 276 F.3d at 239 (internal quotes and alterations omitted) (quoting *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)). The Court agrees with the magistrate judge's findings in this regard.

Finally, the defendant contends that the recommendation to remand for benefits is inappropriate because the evidence of disability is not conclusive. The Court agrees. "If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

In *Faucher*, the district court found that the Commissioner's decision was not supported by substantial evidence because the hypothetical question posed by the ALJ to a vocational expert did not incorporate all of the claimant's impairments. The district court also concluded that it was unable to remand for taking new and additional evidence because of the limitation contained in sentence six of 42 U.S.C. § 405(g), which conditions a remand on a showing of good cause. Rather, the district court remanded for an award of benefits. On appeal, the court of appeals agreed that

sentence six of section 405(g) requires the Secretary to establish good cause as a prerequisite to a remand. However, a post-judgment remand for further proceedings is authorized under sentence four of Section 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991).

The court of appeals in *Faucher* agreed that the Commissioner's decision was not supported by substantial evidence but concluded that a remand for benefits was inappropriate in that case. The court reasoned that the record was incomplete because the correct hypothetical question was never posed to the vocational expert. The witness was never given an opportunity to respond to a question that incorporated not only plaintiff's physical impairments but also the severity of his emotional impairments, and the record contained conflicting evidence on the severity of plaintiff's emotional impairments. The court observed that the district court had acknowledged that "it was not known whether plaintiff might be capable of performing a significant number of jobs in the national economy that would accommodate his combined limitations." *Faucher*, 17 F.3d at 176. The Court concluded, therefore, that "the case must be remanded to the ALJ for further consideration of this issue." *Ibid.*

In *Mowery v. Heckler*, 771 F.2d 966 (6th Cir. 1985), the plaintiff sought Social Security disability insurance benefits, which were denied at the agency level, and he did not prevail in the district court. He suffered from hypertension, headaches and dizziness, and aches and pains. He was forced to stop work as a construction laborer because of pain. He had worked several years earlier as a night watchman. His I.Q. was below-average. Psychological tests established that plaintiff was able to function only in construction and mining jobs, and an orthopedic examination showed that the plaintiff had limitation in movement which precluded that activity. The ALJ had denied benefits, concluding that plaintiff could perform light work, such as that of a night

watchman, although there was evidence in the record that plaintiff had suffered a hearing loss and could only perform as a night watchman when assisted by his son and daughter. The court of appeals reversed the district court and remanded the case to the agency for an award of benefits. The court held:

> The court finds it unnecessary to remand the case to the Secretary for further evaluation. In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking.

*Id.* at 973.

In this case, the Court cannot find that proof of disability is overwhelming and contrary evidence is lacking. The plaintiff himself testified to physical abilities that tended to undermine the limitations found by several of the physicians. Although this evidence did not rise to the level of "sufficient evidence" that would support the ALJ's conclusions, it does preclude a finding of overwhelming, uncontradicted evidence of disability. Therefore, in accordance with *Faucher*, the Court will remand the matter for further proceedings. A remand for this purpose also will allow the ALJ to consider the additional medical records that were generated after the administrative hearing in this case.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion that substantial evidence failed to support the ALJ's determination. The Court has considered all of the defendant's objections to the report and finds them to lack merit, save the objection to an immediate award of benefits.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 15] is **ADOPTED IN PART AND REJECTED IN PART**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt # 9] is **GRANTED IN PART**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt # 14] is **DENIED**. The findings of the Commissioner are **REVERSED,** and the matter is **REMANDED** to the Commission for further proceedings.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: July 21, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 21 , 2006.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS